In the United States Bankruptcy Court
For the District of Maryland

In Re: Mary Lee Jones                                         Case No. 16-12549
                                                                            Chapter 13

        Debtor(s)

*        *        *        *        *        *        *        *        *        *        *        *

CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that a copy of the attached AMENDED CHAPTER 13
PLAN was sent electronically via ECF and/or first class mail, postage pre-paid to the
below listed parties the 19th day of August, 2016.

                                        /S/ James R. Logan
                                        James R. Logan
                                        Attorney for the Debtor
                                        2419 Maryland Avenue
                                        Baltimore, MD 21218
                                        (410) 243-1508

Gerard R. Vetter, Trustee
ECF@ch13balt.com

Label Matrix for local noticing
0416-1
Case 16-12549
District of Maryland
Baltimore
Fri Aug 19 10:23:11 EDT 2016

Ditech Financial LLC f/k/a Green Tree Servic
3000 Bayport Drive
Suite 880
Tampa, FL 33607-8409

Baltimore City Metered Water
Dept of Fiinance Abel Wolman Bldg
200 Holliday St
Baltimore, MD 21202-3618

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

Credit Protection Asso
13355 Noel Rd Ste 2100
Dallas, TX 75240-6837

(c)DITECH FINANCIAL LLC
332 MINNESOTA ST STE E610
SAINT PAUL MN 55101-1311

I C System Inc
Po Box 64378
Saint Paul, MN 55164-0378

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Mayor and City Council of Baltimore
200 N. Holliday Street
RM1 Bankruptcy
Baltimore, MD 21202

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225

Supervisor of Delin. Accts.
Rm. 1 Municipal Building
Holliday & Lexington Streets
Baltimore, MD 21202

Gerard R. (Ch13) Vetter
300 E Joppa Road, Suite 409
Towson, MD 21286-3005

James R. Logan
James R. Logan P.A.
2419 Maryland Avenue
Baltimore, MD 21218-5017

Mary Lee Jones
3807 Glenarm Avenue
Baltimore, MD 21206-2407

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One Bank Usa N
15000 Capital One Dr
Richmond, VA 23238

IRS Special Procedures
31 Hopkins Plaza #1150
Baltimore, MD 21201

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Ditech Financial Llc
332 Minnesota St Ste 610
Saint Paul, MN 55101

End of Label Matrix
Mailable recipients     14
Bypassed recipients      0
Total                   14

APPENDIX A

# United States Bankruptcy Court
### District of Maryland

In re  **Mary Lee Jones**            Case No.   **16-12549**

                               Debtor(s)          Chapter    **13**

## CHAPTER 13 PLAN

☐ Original Plan        ☑ Amended Plan        ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

     a.     $ __600.00__ per month for a term of __60__ months. OR

     b.     $_____ per month for _____ month(s),
              $_____ per month for _____ month(s),
              $_____ per month for _____ month(s), for a total term of _____ months. OR

     c.     $_____ per month prior to confirmation of this plan, and $_____ per month after confirmation of this plan, for a total term of _____ month(s),

2. From the payments received, the Trustee will make the disbursements in the order described below:
     a.    Allowed unsecured claims for domestic support obligations and trustee commissions.
     b.    Administrative claims under 11 U.S.C. §507(a)(1), including attorney's fee balance of $ __3,853.00__ (unless allowed for a different amount upon prior or subsequent objection). Attorney Fees are in accordance with Appendix F of the Local Bankruptcy Rules or a different amount allowed by an order of the Court.
     c.    Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment:  $ __0.00__ .
     d.    Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10).  The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| **IRS Special Procedures** | **117.02** |

     e.    Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

         i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| **-NONE-** | | |

         ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| **Ditech Financial Llc** | **21,468.00** | | |

iii.   The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| **Baltimore City Metered Water** | **1,986.45** | **4.00%** | **111.00** | **20** |

iv.   The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| **-NONE-** | | |

v.   The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Claimant |
|---|
| **-NONE-** |

vi.   If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

vii.   In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

f.   After payment of priority and secured claims, the balance of funds will be paid 100% plus 3.25% on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

All allowed unsecured claims will be paid in full at a discount rate of 3.25%

3.   The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

4.   Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.   Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.    The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|-------------|----------------------------------|---------------------|
| -NONE- | | |

7.    Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8.    Non-Standard Provisions:

Date  **August 19, 2016**

Signature  **/s/ Mary Lee Jones**

**Mary Lee Jones**
Debtor

Attorney  **/s/ James R. Logan**

**James R. Logan**

**Local Bankruptcy Form M - Page 3**

Ver. 09.11